Rex, J.
The errors assigned in the District Court were
1. That the' Court of Common Pleas erred in rendering-judgment by default without evidence.
2. That the court erred in overruling the motion of' Aaron Eerneau to vacate the judgment.
The grounds upon which the judgment of the Court of Common Pleas was reversed do not appear in the record of the District Court; but it is claimed, in argument in this-court, that the grounds on which the judgment of reversal, was based are stated in the first assignment of error. Was-the judgment of the Court of Common Pleas erroneous in that regard ?
It does not affirmatively appear on the record that no evidence was produced tending to prove the performance-of the labor, or the sale and. delivery of the goods, or the-value of the several items, neither does the statement of the record necessarily exclude the presumption, that testimony was heard and considered by the court for the purposes named, and hence it will be presumed, where such-presumption may be necessary to sustain the judgment of a court having jurisdiction of the person and subject, matter, that such evidence was heard and considered.
But is such a presumption necessary to sustain the judgment of the Court of Common Pleas in this case ?
The petition is founded on an account for work and. labor performed, and for goods sold and delivered, a copy of which, with the credits thereon, is set out in it, followed by the allegation that there is due to the plaintiff from the defendant on the account, after deducting all credits thereon, the sum of $164.68, which he claims, with interest from the first day of April, 1868. The items embraced in the account are proper subjects of book account, and the* *638 petition contains all the requisites of a petition on an account, under section 122 of the code of civil procedure.
The allegation, in the petition, of the amount due on the account, after deducting all credits thereon, is a material allegation, and is not, in the sense in which those words are used in section 127 of the code, an allegation of value or damage, but is a specific allegation of the amount due on the account, the action being on an implied contract for the payment of money only, and within the exception of section 112 of the code; and, thei'efore, under the provisions of section 127 of the code, must be controverted by the answer. In this case, the material allegations of the petition not having been controverted by an answer, the court, in the exercise of its discretion, had power to render the judgment without requiring proof of the amount or value of the work and labor performed, or of the goods sold and delivered. Harris v. Ray, 15 B. Mon. 628.
As to the second assignment of error in the District Court, it is sufficient to say that as the testimony produced in the Court of Common Pleas, either in favor of or against the motion to vacate the judgment is not before us, it will be presumed that the court did not err in overruling the motion.
The motion for leave to file a petition in error will therefore be granted, the judgment of the District Court reversed, and that of the Court of Common Pleas affirmed.

Judgment accordingly.

MoIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.